# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARIOSTO ZUNIGA, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 10-826 |
| | : | |
| RIVERVIEW RESIDENTIAL | : | |
| PARTNERS, II, L.P., et al., | : | |
| Defendants | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                         **January 24, 2011**

On October 2, 2007, Ariosto Zuniga, a citizen of Costa Rica, and Juraci Sobreira, a citizen of Brazil, were performing aluminum siding work at a residential construction project known as the Lofts at Valley Forge. While erecting a scaffold system, the two plaintiffs were lifting a sixty-foot pole which fell backwards away from the home construction, and contacted an overhead PECO distribution line. As a result, both men suffered severe electrical burns and were taken by helicopter to the Burn Intensive Care Unit at Temple University Hospital in Philadelphia.

The plaintiffs filed two actions in the Court of Common Pleas of Philadelphia County alleging purely state law claims against several defendants. The men claimed that as a direct and proximate result of the conduct of the defendants, they have suffered and will continue to suffer pain, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well being, inability to enjoy the normal pleasures of life, and other intangible losses. Lisette Gomez, Plaintiff Zuniga's

wife,[1] joined in the actions alleging a loss of consortium against all of the defendants.

The defendants removed the cases here alleging that removal was proper due to this court's alienage jurisdiction. See 28 U.S.C. § 1332(a)(2), which provides:

> Federal district courts have original subject matter jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state.

It is undisputed that the matter in controversy in this case exceeds the sum or value of $75,000, and that two of the three plaintiffs are citizens of foreign states. Thus, this court has original jurisdiction over this action. Congress has not mandated, however, that all civil actions over which a district court has original jurisdiction be removed from state court. In fact, Title 28 of the United States Code, Section 1441(a) uses discretionary language:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ***may be*** removed by the defendant or the defendants, to the district court of the United States for the district and division

---

[1] In their notice of removal, the defendants claim that Lisette Gomez's consortium claim was included in a fraudulent attempt to defeat diversity. See ¶ 12. They claim that documents provided in discovery indicate the lack of a valid marriage between Mr. Zuniga and Miss Gomez. While the defendants do not cite a particular document specifically, a review of the exhibits attached to their notice of removal belie their contention. Exhibit C, for example, includes copies of the couple's tax returns for the years 2003, 2004, 2006, 2006, and 2007. These returns reveal that the couple filed the returns with a filing status of "married filing jointly." That the corresponding W-2 forms for those years show that Miss Gomez chose to have the taxes on her income be withheld as a single person is of no import here. In fact, the defendants' concern that the inclusion of Miss Gomez destroyed diversity speaks volumes.

2

embracing the place where such action is pending.

(Emphasis added).

The plaintiffs filed a timely motion to remand the matter to the state court claiming that 28 U.S.C. § 1441(b) precludes removal where any of the defendants are citizens of the State in which such action was brought. Unlike its preceding subsection, this subsection's language is not discretionary:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. ***Any other such action*** shall be removable ***only*** if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(Emphasis added). The first sentence of this subsection is inapplicable here because while this court has original jurisdiction, it is undisputed that the claims brought in this case do not arise under the Constitution, treaties, or laws of the United States. On the other hand, the second sentence refers to all other actions over which the court has original jurisdiction but, like this case, do not arise under a federal question. Because four of the seven defendants have admitted to being citizens of Pennsylvania, the state in which this action was brought, the second sentence mandates the case's remand to the state court. Accordingly, I will grant the plaintiffs' motion to remand.

The plaintiffs have also filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, claiming that the defendants' removal of this case was

3

frivolous, and that sanctions are necessary to deter the filing of other frivolous pleadings in the future. Rule 11 provides for the imposition of sanctions upon an attorney or party for the filing of a claim or motion that is "patently unmeritorious or frivolous." <u>Doering v. Union County Bd. of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir. 1988). By presenting to the court a pleading, written motion, or other paper, an attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). A court tests conduct under Rule 11 for "reasonableness under the circumstances." <u>Teamsters Local Union No. 430 v. Cement Express, Inc.</u>, 841 F.2d 66, 68 (3d Cir. 1988). This inquiry concerns reasonableness not at the time that a Rule 11 motion is filed, but at the time that the challenged "pleading, motion, or other paper was

submitted." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 175 (3d Cir. 1993). If, "under an objective standard, the signer made a reasonable inquiry both as to the fact and the law at the time a document was submitted, subsequent developments showing that the signer's position was incorrect will not subject the signer to Rule 11 sanctions for having submitted the document." Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1279 (3d Cir. 1994).

I note that Rule 11 sanctions are generally appropriate only in the "exceptional circumstance" that a claim, motion, or other paper "has absolutely no chance of success," although a finding of the signer's bad faith is not required. Doering, 857 F.2d at 194. A finding of frivolousness is a prerequisite to any imposition of sanctions. Id. at 195. After a careful review of the defendants' notice of removal, I cannot conclude that the filing of the notice was unreasonable or frivolous. Instead, I must agree with the defendants when they argue, "Given such a vacuum of any interpretation supporting either Plaintiffs or Defendant, Defendant makes a reasonable argument for judicial interpretation of the statute in question." See Document #13 at 2. Accordingly, I will deny the plaintiffs' motion for sanctions.

An applicable Order follows.